IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BLITZSAFE TEXAS, LLC,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **HYUNDAI MOTOR COMPANY;** § <br> **HYUNDAI MOTOR AMERICA;** § <br> **HYUNDAI MOTOR** § <br> **MANUFACTURING ALABAMA, LLC;** § <br> **KIA MOTORS CORPORATION; KIA** § <br> **MOTORS AMERICA, INC.; and KIA** § <br> **MOTORS MANUFACTURING** § <br> **GEORGIA, INC.,** § <br> § <br> Defendants. § <br> § | Case No. <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Blitzsafe Texas, LLC files this Original Complaint against Defendants, Hyundai Motor Company, Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC, Kia Motors Corporation, Kia Motors America, Inc., and Kia Motors Manufacturing Georgia, Inc. ("Defendants") , for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Plaintiff, Blitzsafe Texas LLC ("Blitzsafe"), is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670.  Blitzsafe sells automotive interface products that allow the end user to connect a third party external audio device or multimedia device to a car stereo in order to play the content on the device through the car stereo system and

speakers. Blitzsafe sells its products throughout the United States, including in this judicial district.  Blitzsafe is the owner of all right title and interest in and to U.S. Patent No. 7,489,786 and U.S. Patent No. 8,155,342.

2. Upon information and belief, Defendant Hyundai Motor Company is a Korean company with a place of business at 231 Yangjae-dong, Seocho-gu, Seoul, South Korea 137-938.

3. Upon information and belief, Defendant Hyundai Motor America is a California corporation with a place of business located at 10550 Talbert Avenue, Fountain Valley, California 92708.  Hyundai Motor America is a wholly-owned subsidiary of Hyundai Motor Company.

4. Upon information and belief, Defendant Hyundai Motor Manufacturing Alabama, LLC ("Hyundai Alabama") is a Delaware limited liability company with a place of business at 700 Hyundai Blvd., Montgomery, AL 36105.  Hyundai Alabama is a wholly-owned subsidiary of Hyundai Motor America.

5. Upon information and belief, Defendant Kia Motors Corporation is a Korean company with a place of business at 231 Yangjae-dong, Seocho-gu, Seoul, South Korea 137-938.  Upon information and belief, Hyundai Motor Company owns a controlling interest in Kia Motors Corporation.

6. Upon information and belief, Defendant Kia Motors America, Inc. is a California corporation with a place of business at 111 Peters Canyon Road, Irvine, CA 92606.  Kia Motors America, Inc. is a wholly-owned subsidiary of Kia Motors Corporation.

7. Upon information and belief, Defendant Kia Motors Manufacturing Georgia, Inc. ("Kia Georgia") is a Delaware corporation with a place of business at 7777 Kia Parkway, West Point, GA 31833. Kia Georgia is a wholly-owned subsidiary of Kia Motors Corporation.

## JURISDICTION

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants. Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this district, Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

11. On February 10, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,489,786 (the "'786 Patent") entitled "Audio Device Integration System." A true and correct copy of the '786 Patent is attached hereto as Exhibit A.

12. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,155,342 (the "'342 Patent") entitled "Multimedia Device Integration System." A true and correct copy of the '342 Patent is attached hereto as Exhibit B.

## FACTUAL ALLEGATIONS

13. The patents-in-suit generally cover systems for integrating third-party audio devices and multimedia devices with a car stereo.

14. Defendants Hyundai Motor Company, Hyundai Motor America, and Hyundai Alabama (the "Hyundai Defendants") manufacture, import and/or sell an audio and multimedia integration system, called Blue Link™, that has been installed in Hyundai vehicles made in or imported into the United States since at least approximately 2012.

15. Defendants Kia Motors Corporation, Kia Motors America, Inc., and Kia Georgia (the "Kia Defendants") manufacture, import and/or sell an audio and multimedia integration system, called UVO™, that has been installed in Kia vehicles made in or imported into the United States since at least approximately 2011.

16. Blue Link and UVO support the integration of third-party external audio devices, such as MP3 players, with a car radio. Blue Link and UVO permit an end user to connect a third-party external audio or multimedia device to the car radio by wire, such as through a USB port or auxiliary port, or wirelessly, such as through Bluetooth. Once connected, the end user may control the third-party external audio device using the car radio's controls, and the audio from the external audio device may be played through the car radio and speakers.

## COUNT I
### (Infringement of the '786 Patent by the Hyundai Defendants)

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. Blitzsafe has not licensed or otherwise authorized the Hyundai Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

19. The Hyundai Defendants have and continue to directly infringe one or more claims of the '786 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the Blue Link audio and media integration system, without authority and in violation of 35 U.S.C. § 271.

20. The Hyundai Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the Blue Link audio and media integration system.  For example, the Hyundai Defendants, with knowledge that Blue Link infringes the '786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '786 patent by providing Blue Link product manuals that instruct end users how to use Blue Link, including specifically how to connect their external third-party audio and multimedia devices to the car stereo.  The Hyundai Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '786 Patent, but while remaining willfully blind to the infringement.

21. The Hyundai Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the Blue Link audio and media integration system, with the knowledge, at least as of the date of this Complaint, that Blue Link contains components that

constitute a material part of the inventions claimed in the '786 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third party audio device. The Hyundai Defendants know that these components are especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, the Hyundai Defendants believed there was a high probability that others would infringe the '786 Patent but remained willfully blind to the infringing nature of others' actions.

22. Blitzsafe has suffered damages as a result of the Hyundai Defendants' direct and indirect infringement of the '786 patent in an amount to be proved at trial.

23. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of the Hyundai Defendants' infringement of the '786 patent, for which there is no adequate remedy at law, unless the Hyundai Defendants' infringement is enjoined by this Court.

24. The Hyundai Defendants have committed and continue to commit acts of infringement despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the '786 patent, and the Hyundai Defendants actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent. The Hyundai Defendants' infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

**COUNT II**
**(Infringement of the '786 Patent by the Kia Defendants)**

25. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

26. Blitzsafe has not licensed or otherwise authorized the Kia Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

27. The Kia Defendants have and continue to directly infringe one or more claims of the '786 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the UVO audio and media integration system, without authority and in violation of 35 U.S.C. § 271.

28. The Kia Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the UVO audio and media integration system.  For example, the Kia Defendants, with knowledge that UVO infringes the '786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '786 patent by providing UVO product manuals that instruct end users how to use UVO, including specifically how to connect their external third-party audio and multimedia devices to the car stereo.  The Kia Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '786 Patent, but while remaining willfully blind to the infringement.

29. The Kia Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the UVO audio and media integration system, with the knowledge, at least as

of the date of this Complaint, that UVO contains components that constitute a material part of the inventions claimed in the '786 Patent.  Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third party audio device.  The Kia Defendants know that these components are especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Alternatively, the Kia Defendants believed there was a high probability that others would infringe the '786 Patent but remained willfully blind to the infringing nature of others' actions.

30. Blitzsafe has suffered damages as a result of the Kia Defendants' direct and indirect infringement of the '786 patent in an amount to be proved at trial.

31. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of the Kia Defendants' infringement of the '786 patent, for which there is no adequate remedy at law, unless the Kia Defendants' infringement is enjoined by this Court.

32. The Kia Defendants have committed and continue to commit acts of infringement despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the '786 patent, and the Kia Defendants actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent.  The Kia Defendants' infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT III
### (Infringement of the '342 Patent by the Hyundai Defendants)

33. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

34. Blitzsafe has not licensed or otherwise authorized the Hyundai Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

35. The Hyundai Defendants have and continue to directly infringe one or more claims of the '342 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the Blue Link audio and media integration system, without authority and in violation of 35 U.S.C. § 271.

36. The Hyundai Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the Blue Link audio and media integration system. For example, the Hyundai Defendants, with knowledge that Blue Link infringes the '342 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '342 patent by providing Blue Link product manuals that instruct end users how to use Blue Link, including specifically how to connect their external third-party audio and multimedia devices to the car stereo. The Hyundai Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '342 Patent, but while remaining willfully blind to the infringement.

37. The Hyundai Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by contributing to the direct infringement, either literally or under the

doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the Blue Link audio and media integration system, with the knowledge, at least as of the date of this Complaint, that Blue Link contains components that constitute a material part of the inventions claimed in the '342 Patent.  Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third-party audio device.  The Hyundai Defendants know that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Alternatively, the Hyundai Defendants believed there was a high probability that others would infringe the '342 Patent but remained willfully blind to the infringing nature of others' actions.

38. Blitzsafe has suffered damages as a result of the Hyundai Defendants' direct and indirect infringement of the '342 patent in an amount to be proved at trial.

39. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of the Hyundai Defendants' infringement of the '342 patent, for which there is no adequate remedy at law, unless the Hyundai Defendants' infringement is enjoined by this Court.

40. The Hyundai Defendants have committed and continue to commit acts of infringement despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the '342 Patent, and the Hyundai Defendants actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent.  The Hyundai Defendants' infringement of the '342 Patent has been and continues to be willful, entitling

Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

**COUNT IV**
**(Infringement of the '342 Patent by the Kia Defendants)**

41. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

42. Blitzsafe has not licensed or otherwise authorized the Kia Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

43. The Kia Defendants have and continue to directly infringe one or more claims of the '342 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the UVO audio and media integration system, without authority and in violation of 35 U.S.C. § 271.

44. The Kia Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the UVO audio and media integration system. For example, the Kia Defendants, with knowledge that UVO infringes the '342 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '342 patent by providing UVO product manuals that instruct end users how to use UVO, including specifically how to connect their external third-party audio and multimedia devices to the car stereo. The Kia Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '342 Patent, but while remaining willfully blind to the infringement.

45. The Kia Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the UVO audio and media integration system, with the knowledge, at least as of the date of this Complaint, that UVO contains components that constitute a material part of the inventions claimed in the '342 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third-party audio device. The Kia Defendants know that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, the Kia Defendants believed there was a high probability that others would infringe the '342 Patent but remained willfully blind to the infringing nature of others' actions.

46. Blitzsafe has suffered damages as a result of the Kia Defendants' direct and indirect infringement of the '342 patent in an amount to be proved at trial.

47. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of the Kia Defendants' infringement of the '342 patent, for which there is no adequate remedy at law, unless the Kia Defendants' infringement is enjoined by this Court.

48. The Kia Defendants have committed and continue to commit acts of infringement despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the '342 Patent, and the Kia Defendants actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent. The Kia Defendants' infringement of the

'342 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Blitzsafe prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

b. Entry of judgment declaring that Defendants' infringement of the patents-in-suit has been willful and deliberate;

c. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the patents-in-suit;

d. An order awarding damages sufficient to compensate Blitzsafe for Defendants' infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

e. An order awarding Blitzsafe treble damages under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the patents-in-suit;

f. Entry of judgment declaring that this case is exceptional and awarding Blitzsafe its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g. Such other and further relief as the Court deems just and proper.

Dated: July 16, 2015

Respectfully submitted,

**BROWN RUDNICK LLP**

  /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
Texas Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
Texas Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Lawrence C. Drucker
Email: ldrucker@brownrudnick.com
Bryan N. DeMatteo
Email: bdematteo@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF,
BLITZSAFE TEXAS, LLC**